IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ARNETRIUS BRANSON                                                        PLAINTIFF

VS.                                               CAUSE NO. 3:21-CV-00100-CWR-LGl

JACKSON MUNCIPAL AIRPORT AUTHORITY, ET AL        DEFENDANTS

**JOHN L. WALKER, ESQ.'S, MEMORANDUM IN SUPPORT OF HIS REBUTTAL TO PLAINTIFF'S RESPONSE (DOC. 51) AND MEMO IN SUPPORT (DOC. 52) AS TO THE MOTION TO QUASH SUBPOENA DUCES <u>TECUM SERVED ON JOHN L. WALKER, ESQ.</u>**

Comes now, John L. Walker, Esq., submits this Memorandum in support of his Rebuttal (Doc. 53) to Plaintiff's Response In Opposition to John L. Walker, Esq.'s Motion to Quash Subpoena Duces Tecum (Doc. 51) and supporting Memorandum ("hereinafter Memorandum") (Doc. 52) as follows:

**FACTS**

Attorney Walker incorporates by reference herein, as if set forth herein, the contents of his Rebuttal (Doc. 53) to Plaintiff's Response In Opposition to John L. Walker, Esq.'s Motion to Quash Subpoena Duces Tecum (Doc. 51) and supporting Memorandum ("hereinafter Memorandum") (Doc. 52).

Interestingly, Defendant JMAA possesses the originals of all of the documents sought by Plaintiff in her Subpoena Duces Tecum served on Attorney Walker. Therefore, Plaintiff can secure all of the said documents to which it is entitled by serving on Defendant JMAA a Request for Production of Documents pursuant to Rule 34 F.R.Civ.P. Thus, what is the reason for

Plaintiff serving a Subpoena Duces Tecum on Attorney Walker for copies of documents, the originals of which are possessed by Defendant JMAA?

## LEGAL ARGUMENT

Rule 1.6 Confidentiality of Information of the Mississippi Rules of Professional Conduct states in relevant part the following:

> Rule 1.6. Confidentiality of information.
>
> (a) A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation, or the disclosure is permitted by paragraph (b).

The Comment to Rule 1.6 states in relevant part the following:

> The confidentiality rule, for example, applies not only to matters communicated in confidence by the client but also to all information relating to the representation, whatever the source. A lawyer may not disclose such information except as authorized or required by the Rules of Professional Conduct or other law. See also Scope.
>
> The requirement of maintaining confidentiality of information relating to representation applies to government lawyers who may disagree with the policy goals that their representation is designed to advance.
>
> Paragraph (a) prohibits a lawyer from revealing information relating to the representation of a client. This prohibition also applies to disclosures by a lawyer that do not in themselves reveal protected information but could reasonably lead to the discovery of such information by a third person.

Rule 501 F.R.E. states the following:

> Rule 501. Privilege in General
>
> The common law—as interpreted by United States courts in the light of reason and experience—governs a claim of privilege unless any of the following provides otherwise:
>
> - the United States Constitution;

- a federal statute; or

- rules prescribed by the Supreme Court.

But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.

Accordingly, Rule 502, M.R.E. is controlling herein pursuant to Rule 501 F.R.E. In that regard, Rule 502 M.R.E. reads in relevant part as follows:

Rule 502. Lawyer-client privilege.

(a) Definitions. — In this rule:

(1) "Client" means a person, public officer, corporation, association, or any other public or private organization or entity:

(A) to whom a lawyer renders professional legal services; or

(B) who consults a lawyer with a view to obtaining professional legal services from the lawyer.

(2) "Client's representative" means:

(A) one authorized to:

(i) obtain professional legal services on behalf of the client; or

(ii) act on behalf of the client on the legal advice rendered; or

(B) an employee of the client with information the lawyer needs to render legal services to the client.

(3) "Lawyer" means a person authorized – or who the client reasonably believes is authorized – to practice law in any state or nation.

(4) "Lawyer's representative" means one employed by the lawyer to assist the lawyer in rendering professional legal services.

(5) A communication is "confidential" if not intended to be disclosed to third persons other than those:

(A) to whom disclosure is made to further rendition of professional legal services to the client; or

(B) reasonably necessary to transmit the communication.

> (6) "Lawyer-client privilege" means the protection that applicable law provides for confidential lawyer-client communications.
>
> (7) "Work-product protection" means the protection that applicable law provides for tangible material (or its intangible equivalent) prepared in anticipation of litigation or for trial.
>
> (b) General rule of privilege. — A client has a privilege to refuse to disclose – and to prevent others from disclosing – any confidential communication made to facilitate professional legal services to the client:
>
>> (1) between the client or the client's representative and the client's lawyer or the lawyer's representative;
>>
>> (2) between the client's lawyer and the lawyer's representative;

The attorney-client privilege belongs to a client or the client's representative. *Barnes v. State*, 460 So.2d 126 (Miss. 1984). Therein the Court stated the following regarding the attorney-client privilege:

> At the outset several points need to be made clear. First, the privilege relates to and covers all information regarding the client received by the attorney in his professional capacity and in the course of his representation of the client. Included are communications made by the client to the attorney and by the attorney to the client. In that sense it is a two-way street.

*Id* at 131

Herein, JMAA has not waived the attorney-client privileged and authorized Attorney Walker to disclose any documents and tangible items sought by Plaintiff. Therefore, the Motion to Quash of Attorney Walker (Doc. 44) should be granted.

WHEREFORE, Attorney Walker prays that the Court enters an order granting his Motion to Quash the Subpoena Duces Tecum served on him by Plaintiff.

RESPECTFULLY SUBMITTED,

\s\ John L. Walker
JOHN L. WALKER (MSB #6883)

**WALKER GROUP, PC**
1410 LIVINGSTON LANE, SUITE A
POST OFFICE BOX 22849
JACKSON, MISSISSIPPI 39225-2849
PHONE: (601) 948-4589
FACSIMILE: (601) 354-2507
Email: jwalker@walkergrouppc.com

## CERTIFICATE OF SERVICE

I, John L. Walker, do hereby certify that I have this day served a true and correct copy of the above and foregoing, via ECF, to the following attorneys of record:

>Michael Farrell, Esq.
>MIKE FARRELL, PLLC
>Regions Plaza, Suite 1088
>210 East Capitol Street
>Jackson, MS 39201
>601-948-8030
>Fax: 601-948-8032
>Email: mike@farrell-law.net

>Joel F. Dillard, Esq.
>Jay Kucia, Esq.
>JOEL F. DILLARD, PA
>775 North Congress Street
>Jackson, MS 39202
>601-509-1372
>Email: jkuciams@gmail.com
>joel.f.dillard@gmail.com

>*ATTORNEYS FOR PLAINTIFF*

>LaToya C. Merritt, Esq.
>Mallory K. Brand, Esq.
>PHELPS DUNBAR, LLP - Jackson
>P. O. Box 16114
>4270 I-55 North (39211)
>Jackson, MS 39236-6114
>601/352-2300
>Fax: 601369-9777
>Email: merrittl@phelps.com
>mallory.bland@phelps.com

>*ATTORNEYS FOR DEFENDANTS*

THIS the 6TH day of April 2022.

>\s\ John L. Walker
>JOHN L. WALKER