IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ARNETRIUS BRANSON**,

        *Plaintiff*,

v.

**JACKSON MUNICIPAL AIRPORT AUTHORITY, et al.**,

        *Defendants*.

CAUSE NO. 3:21-CV-100-CWR-LGI

### ORDER

Before the Court are the defendants' motion for summary judgment on the plaintiff's state-law claims, Docket No. 106, and Jackson Municipal Airport Authority's motion for summary judgment on its counterclaims against LaWanda Harris, Docket No. 108. With the factual allegations and legal standard already well-known to the parties, *see* Docket No. 123, the Court will proceed to address each claim and issue in turn.

### I. Branson's Wrongful Termination Claim Against JMAA

JMAA first seeks summary judgment on Branson's wrongful termination (*McArn*) claim. It contends, among other things, that Branson's notice of claim did not substantially comply with the Mississippi Tort Claims Act (MTCA).

The relevant portion of Branson's notice of claim stated that "Counsel has not yet determined the amount of damages incurred, but the plaintiff anticipates seeking full back pay, damages for emotional distress as well as punitive damages." JMAA says this was not enough.

The statute requires MTCA claimants to provide "a short and plain statement of the facts upon which the claim is based, including . . . the amount of money damages sought . . . ." Miss. Code Ann. § 11-46-11(2)(b)(iii). The Mississippi Supreme Court has rejected MTCA notices that "did not contain a monetary amount of the damages sought." *Price v. Clark*, 21 So. 3d 509, 520 (Miss. 2009).

Given these authorities, Branson's notice of claim did not substantially comply with the MTCA.

Mississippi cases reveal that MTCA claimants need not calculate their claim down to the cent. *See, e.g.*, *Marbly v. Manuel*, 210 So. 3d 1033, 1037 (Miss. Ct. App. 2015) (finding substantial compliance where the notice indicated that plaintiff "had incurred medical bills in the amount of $3,500"). And because sometimes "the full extent of such injuries may only become known at a later date," *future* medical bills obviously cannot be included in a notice of claim. *Lane v. Miss. Dep't of Transp., S. Dist.*, 220 So. 3d 254, 257 (Miss. Ct. App. 2017) (quotation marks and citation omitted). But the cases reveal that notices of claim must provide a number. *See, e.g.*, *Keever v. Miss. Institutions of Higher Learning*, 309 So. 3d 460, 464 (Miss. Ct. App. 2019) (rejecting MTCA notice of claim where "[t]here was no amount of damages asserted"). Branson's notice did not do this.

The defendants' motion is granted as to this claim.

## II. Branson's Tortious Interference Claim Against Harris

In Mississippi, "if acting in the course and scope of [her] employment," Harris cannot be liable for tortious interference unless she "acted in bad faith." *Cromwell v. Williams*, 333 So. 3d 877, 883 (Miss. Ct. App. 2022). A person acts within the course and scope of their

employment when, among other things, their acts are motivated "by a purpose to serve the master." *Id.* at 884 (quotation marks and citation omitted).

In this case, there is a factual dispute about whether Harris was acting in the course and scope of her role with JMAA when she agitated against Branson and then voted for Branson's removal. *See* Docket No. 123. If the jury finds that Harris acted because of Branson's alleged incompetence or insubordination, and in good faith, it will find in Harris's favor on this cause of action. But if the jury believes that Harris acted because Branson reported tax information to the authorities, Harris's actions no longer served JMAA's legitimate interests. *Id.*

Summary judgment on this claim is denied.

### III.     JMAA's Counterclaims Against Branson

JMAA seeks summary judgment against Branson on its counterclaims: breach of contract, breach of fiduciary duty, and conversion. Its exhibits and memorandum brief thoroughly demonstrate how Branson is liable to it under Mississippi law for retaining confidential JMAA documents after her termination.

Branson responds with a few arguments. She begins by stating that the employee handbook she agreed to abide by authorized *only* disciplinary action for employee breaches, not suits for damages. This fails to persuade. The contract does not state that disciplinary action is the exclusive consequence for breaches.

Branson then pivots, saying that the contract permits enforcement only in state court. Even if this argument is timely and not already waived, the contract again does not provide for exclusive enforcement in state court. That language is permissive rather than mandatory.

Next, Branson says she cannot be held liable for these causes of action because she eventually disclosed and returned the confidential documents to JMAA during this litigation. But the contract required prompt return of confidential materials at the end of her employment. Branson didn't do that. That is a breach of contract.

Finally, in a cursory fashion, Branson says she wasn't a fiduciary and claims there is no evidence she committed conversion. JMAA's brief, though, explained how executives in positions like hers have fiduciary obligations to their employer. *See* Docket No. 109 at 6. And now was the time for her to explain, with particularity, why JMAA's amassed evidence of conversion was somehow deficient. This she did not do.

JMAA's motion for summary judgment on its counterclaims is granted as to liability. A trial will be scheduled so that it may seek to prove its damages, if any, caused by these breaches.

**IV.     Limitation of Damages**

The final outstanding issue within the dispositive motions concerns Branson's calculation of damages. The defendants say that even if Branson prevails on her federal cause of action, her recoverable damages should be limited under the after-acquired evidence doctrine. It says it would have fired her for keeping confidential documents, but only learned about that issue during discovery.

Branson responds with arguments similar to those already discussed and rejected. She didn't disclose JMAA's confidential documents to a third party other than her counsel, she says, among other things. Docket No. 112 at 12. But again, she was required to return JMAA documents at the conclusion of her employment. She has presented no valid reason why the after-acquired evidence doctrine does not apply in this circumstance.

4

It is not clear where exactly Branson's damages calculations should be terminated under the after-acquired evidence doctrine. The parties should be prepared to discuss it with the Court at some point during the trial.

## V. Conclusion

For these reasons, the defendants' motion is granted in part and denied in part. JMAA's motion is granted as to liability.

**SO ORDERED**, this the 6th day of August, 2024.

                                              s/ Carlton W. Reeves
                                              UNITED STATES DISTRICT JUDGE