IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ARNETRIUS BRANSON**,

        *Plaintiff*,

v.

**JACKSON MUNICIPAL AIRPORT AUTHORITY, et al.**,

        *Defendants*.

CAUSE NO. 3:21-CV-100-CWR-LGI

## ORDER

Before the Court is the defendants' motion to certify an earlier Order [Docket No. 123] for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Docket No. 124. The plaintiff opposes the motion.

A court may certify an interlocutory appeal under § 1292(b) if "(1) a controlling question of law is involved, (2) there is substantial ground for difference of opinion about the question of law, and (3) immediate appeal will materially advance the ultimate termination of the litigation." *Rico v. Flores*, 481 F.3d 234, 238 (5th Cir. 2007).

> The basic rule of appellate jurisdiction restricts review to final judgments, avoiding the delay and extra effort of piecemeal appeals. Section 1292(b) appeals are exceptional. They are permitted only when there is a substantial difference of opinion about a controlling question of law and the resolution of that question will materially advance, not retard, ultimate termination of the litigation.

*Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir. 1983) (denying leave to appeal). "An interlocutory appeal assuredly does not lie simply to determine the correctness of a judgment of liability." *Id.* at 68 (citation omitted).

"The moving party bears the burden of demonstrating that interlocutory appeal is appropriate." *Handshoe v. Perret*, No. 1:15-CV-382-HSO-JCG, 2018 WL 3494271, at *2 (S.D. Miss. Apr. 17, 2018) (citation omitted).

On review, the Court is not persuaded that an interlocutory appeal is warranted here. No *substantial* difference of opinion about a controlling question of law exists, and resolution of the federal cause of action will not bring us materially closer to ending this litigation, given the need for a trial on the parties' state-law claims. *See* Docket No. 128.

The motion is denied.

**SO ORDERED**, this the 9th day of August, 2024.

                                                      s/ Carlton W. Reeves
                                                     UNITED STATES DISTRICT JUDGE