IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ARNETRIUS BRANSON,

                          *Plaintiff,*

v.

JACKSON MUNICIPAL AIRPORT
AUTHORITY, *et al.,*

                        *Defendants.*

CAUSE NO. 3:21-CV-100-CWR-LGI

## ORDER

In a prior Order, the Court deferred ruling on the issue of whether an audio recording of a conversation between plaintiff Arnetrius Branson and then-CEO Paul Brown was admissible. Docket No. 142. The Court also indicated that the parties should approach about the issue of "after-acquired" evidence, prior to the discussion or introduction of such evidence before the jury. *Id.* Defendants briefed both issues. Docket No. 144. Plaintiff never filed a responsive memorandum. To assist in narrowing the issues remaining for trial, the Court further rules as follows.

**Audio Recording**

Plaintiff filed a rough transcript of the audio recording at issue. Docket No. 51-3. According to the transcript, participants in the recorded conversation include Ms. Branson, then-CEO of JMAA, Paul Brown, and Michael Gater. The Court is convinced that the statements contained in the recording are hearsay.

The exclusions of statements from hearsay provided by Federal Rule of Evidence 801(d)(2) are inapplicable here. The statements are not attributable to LaWanda Harris

1

individually. She is not on the recording, and no one on the recording speaks for her. Neither

are the statements attributable to JMAA, as under Mississippi law, "public boards speak only

through their minutes[.]" *KPMG, LLP v. Singing River Health Sys.*, 283 So. 3d 662, 669 (Miss.

2018). *See also Retro Metro, LLC v. City of Jackson*, 147 F.4th 551, 555 (5th Cir. 2025) (quoting

same); *Diamond Fields, LLC v. Rankin Cty., Miss.*, No. 3:09-CV-451, 2011 WL 8198518, at *7 n.5

(S.D. Miss. Sept. 30, 2011) ("Mississippi law requires that a board of supervisors speaks and

acts only through its minutes."). Therefore, should Plaintiff intend to introduce any portion

of the recording at trial, she must *first* identify an applicable exception to the prohibition on

the admission of hearsay, and identify the portion of the recording to which she claims the

exception applies.

### After-Acquired Evidence

If, after a plaintiff-employee's discharge, the defendant-employer discovers evidence

of wrongdoing that would have led to the plaintiff's termination on legitimate

nondiscriminatory/non-retaliatory grounds, lower courts consider such after-acquired

evidence in fashioning or limiting, as the case may be, the relief available.

> Once an employer learns about employee wrongdoing that would lead to a legitimate discharge, we cannot require the employer to ignore the information, even if it is acquired during the course of discovery in a suit against the employer and even if the information might have gone undiscovered absent the suit. The beginning point in the trial court's formulation of a remedy should be calculation of backpay from the date of the unlawful discharge to the date the new information was discovered. In determining the appropriate order for relief, the court can consider taking into further account extraordinary equitable circumstances that affect the legitimate interests of either party.

*McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 362 (1995). Reinstatement and front pay

are unavailable. *See id.* at 361-62 ("We do conclude that here, and as a general rule in cases of

2

this type, neither reinstatement nor front pay is an appropriate remedy. It would be both inequitable and pointless to order the reinstatement of someone the employer would have terminated, and will terminate, in any event and upon lawful grounds."). To determine the date range during which back pay may be available, the Court begins with the period between the alleged wrongful termination and the date the misconduct was discovered. Here, those dates are February 10, 2020, through March 23, 2022. March 23, 2022, is merely the date that Plaintiff produced the documents showing this misconduct to Defendants.

These documents were available to Plaintiff prior to the March 2022 production. The Court wants to disincentivize "slow-playing" any stage of the discovery process, so the Court will not reward the late production of documents. Therefore, at the commencement of trial on June 1, 2026, the parties shall be prepared to provide the Court with the following information: (1) in response to which discovery device(s) the documents demonstrating Plaintiff's misconduct were produced; (2) when such discovery device(s) were propounded; (3) when Plaintiff's initial responses to such discovery device(s) were due; (4) when Plaintiff's initial responses to such discovery device(s) were provided; and (5) any further extraordinary equitable circumstances that affect the legitimate interests of either party.

SO ORDERED, this the 26th day of May 2026.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

3